HIBBARD
vs.
SMITH, &c.

---

Case 8.

PET. EQ.

## Hibbard vs. Smith, &c.

### APPEAL FROM CLAY CIRCUIT.

1. A vendor retaining possession of land sold, contrary to his contract to surrender possession, should be held to account for rent.
2. The stipulations of a bond for a conveyance cannot be enlarged by parol proof.

Samuel Hibbard sold to Smith a tract of land, for which he was to be paid in installments; he received the first installment, but retained the possession of the land for one year after he received the first installment. The vendor bound himself to convey the land described in the deed which John Hibbard had made to him, which he did. The appellee insists that a certain boat yard was sold, and should have been included in the boundary, which is resisted by the appellant.

The circuit court decreed the vendor to give a credit for the rent for one year, and a credit of fifty dollars for the supposed deficit in the land conveyed

in not embracing the boat yard. And the vendor has appealed to this court.

<em>HIBBARD<br>vs.<br>SMITH, &c.</em>

*G. Pearl, J. A. Moore,* and *B. Monroe* for appellant—

The decree of the circuit court is erroneous in these particulars.

1. In allowing the appellee a credit for fifty dollars for a supposed deficit in the land. The purchaser, as the proof shows, did not suppose he was purchasing the boat yard. The line of the survey passing near the boat yard was not very clearly defined, but its situation was as well known to vendee as vendor.

2. No rent should have been charged to vendor, as the proof conduces to show that possession was not to be given until the first installment was paid. It was not paid when due.

3. It does not now appear that the line specified in the deed does not cover the boat yard. The vendee has never been deprived of it by any adjudication.

*S. Ensworth* for appellee—

The two first installments for the land had been paid, as the proof shows. The appellee had a just claim to a credit for the rent of the land purchased, of which he was kept out of possession by the vendor; and also for the value of the boat yard, which was sold, but not covered by the deed, and to which appellant had no title. The credit should have been entered as of the date of the purchase.

The credit of seventy-five dollars for the use of the land is too low; it should have been ninety or one hundred dollars, and should operate as a credit from the end of the year in which the land was held. There is no error to the prejudice of appellant.

Judge SIMPSON delivered the opinion of the court:

June 13.

As the vendor accepted the installment of the purchase money, although it was not paid on the day stipulated, on the payment of which he was bound to surrender the possession of the land to his ven-

<em>1. A vendor retaining possession of land sold, contrary to his contract to surrender pos-</em>

session, should
be held to ac-
count for rent.

dees, he thereby became responsible for rent for the time the possession was subsequently retained by him. He had no right to the use of both the land and the money, and consequently the judgment of the court below making him liable for one year's rent was correct.

But we think the court erred in allowing any thing on account of the boat yard. According to the stip-ulations of the bond which the vendor executed, he only sold that land which was contained in the deed which John Hibbard had made to him. The line of said land upon which the boat yard was situated, was an open undefined line, about the true position of which the vendees had as much knowledge as the vendor. Indeed, it appears that one of the vendees had, before the purchase, used the boat yard by the permission of May, to whom it is alledged to belong. And, in addition to this, there is no competent evidence in this record that Hibbard's deed does not actually embrace the whole of the boat yard, and whether it does or not, the line, as established by the consent of May and Hibbard's vendees, includes part of the land which had been used as a boat yard, and enough to satisfy the reference which is made in the vendor's bond, to the use of the boat yard by the vendees.

2. The stipu-
lations of a bond
for a convey-
ance cannot be
enlarged by pa-
rol proof.

Wherefore, the judgment of the court below, so far as it allows a credit to the vendees of fifty dollars on account of the boat yard, is reversed, and cause remanded, that the judgment may be so modified as to require the purchasers to pay to the vendor the amount of that credit thus improperly allowed.